**SCHER & SCHER, P.C.** *Attorneys at Law*
111 GREAT NECK ROAD • P. O. BOX 376 • GREAT NECK, N.Y. 11021 • (516) 482-1777 • (718) 631-2000

DANIEL J. SCHER*

TELECOPIER
(516) 829-3198

*ADMITTED N.Y. AND N.J. BAR

**Via ECF**

September 6, 2006

Honorable E. Thomas Boyle
United States Federal Courthouse
100 Federal Plaza . Room 834
Central Islip, NY 11722

    Re:  Kittywalk Systems, Inc., *et al.*
         v. Midnight Pass Incorporated, *et al.*
         Case Number: CV-05-6110 (LDW)(ETB)

Dear Judge Boyle:

We are writing on behalf of Plaintiffs to call the Court's attention to other Discovery issues in advance of the Court Ordered Hearing on September 12, 2006.

We will reserve all issues as to the Defendants' failure to comply with the Court's Orders respecting the production of the Quickbooks Database and the Customer list. Notwithstanding the Court's latest Order of today's date, suffice it to say that even the Defendants production of the customer list and database was ultimately made many days after the deadline contained in the Courts Order of August 7, 2006 and appears to be incomplete. Plaintiffs also believe that the database produced was altered for the purpose of the litigation.

Plaintiffs served a Notice to Produce on February 9, 2006, a copy of which is enclosed. By Order of this Court dated March 27, 2006, Defendants were directed to serve certain documents responsive to that request by or before March 31, 2006. Some documents were finally produced six (6) weeks late during the second week of May. Shortly after Defendants' Production was received, it was analyzed and found to be substantially deficient. We wrote Mr. Eisenberg on May 31, 2006 enumerating those deficiencies. A copy of that letter is annexed hereto. Since that time, we have not received any substantive response to our letter despite reminders in letters of August 1 and August 8, 2006.

We had hoped through the course of the discovery and additional production that other documents would be forthcoming from Defendants, however, nothing further has been produced. The

## SCHER & SCHER, P.C.

Honorable E. Thomas Boyle
United States Federal Courthouse
September 6, 2006
Page 2

Plaintiffs, once again, must now move to compel production by the Defendants.

At the Court appearance scheduled for September 12, 2006, we will ask the Court to direct the full production of all outstanding items requested in Plaintiffs' Notice to Produce dated February 9, 2006, as outlined in our deficiency letter of May 31, 2006.

Further, in view of Defendants' delays and subject to further directions to the Defendants to comply, we respectfully request that the Discovery Deadline of September 30, 2006 be extended for sixty (60) days.

Finally, since on the September 12th Hearing Plaintiffs will be contending that the Defendants have altered the Quickbooks database and removed and changed certain information that Plaintiffs are, and were entitled to receive, we would like this letter to serve as notice to the Defendants that we expect the Defendants to bring to court for the Hearing on September 12, 2006, the original disks with all archived copies of the Quickbooks database so that they may be furnished to the Court for its inspection and comparison to that which was produced to determine whether Plaintiffs are correct. Based on the Court's findings, we will ask for the imposition of further sanctions in the event that the database produced has been altered from the original that has been maintained by the Defendants.

Thank you for your attention to this matter.

Respectfully submitted,

SCHER & SCHER, P.C.
By:

DANIEL J. SCHER
DJS/ja
encs.

cc: Lloyd M. Eisenberg, Esq.
    @ Eisenberg & Carton (via FAX)
    William Thomashower, Esq.
    @ Kaplan Thomashower & Landau, LLP (via FAX)
    Kittywalk Systems Inc. (via FAX)

**SCHER & SCHER, P.C.** *Attorneys at Law*
111 GREAT NECK ROAD • P. O. BOX 376 • GREAT NECK, N.Y. 11021 • (516) 482-1777 • (718) 631-2000

DANIEL J. SCHER*

TELECOPIER
(516) 829-3198

*ADMITTED N.Y. AND N.J. BAR

**VIA FAX & REGULAR MAIL**

May 31, 2006

Eisenberg & Carton
2631 Merrick Road, Suite 401
Bellmore, NY 11710

Att: Lloyd M. Eisenberg, Esq.

Re: Kittywalk Systems, Inc., *et al*,
v. Midnight Pass Incorporated, et al.
Case No: 05 CV 6110

Dear Mr. Eisenberg:

This letter is sent in advance of our conference before Magistrate Boyle and in hope that we can limit those Discovery issues that are outstanding.

Our review of the Document Production you sent contained in the seventy-four (74) pdf files indicates that although the seventy-four (74) pdf files were not broken down or as direct responses to particular Requests, we have done our best to categorize them. When we last spoke about the production, we advised you that we believed that you have responded to five (5) of the Production Requests (2, 9, 11, 17 and 19) and furnished no responses to ten (10) of the Requests (1, 5, 8, 10, 12, 14, 15, 16, 21 & 22). The production with respect to the remaining items (3, 4, 6, 7, 13, 18 & 20) was scant at best. You told us that your clients had no documents or few documents responsive to some of the Requests and that you would be providing us with information as to which of the Requests each of the Responses applied to.

We have discussed the fact that many pages of the production appeared to be in the form of Quickbooks reports that were specifically prepared, designed and printed by defendants for selective production in this litigation. They are mere compilations of information, rather than underlying contemporaneous works (e.g. sales records, invoices, bills, payment records, deposit records) that were required to be produced. That production was insufficient and the Defendants are withholding information that ought to be produced. We are entitled to the production of the actual Quickbooks data, which is the data of the transactions relative to the joint venture and all underlying business records.

**SCHER & SCHER, P.C.**

Lloyd M. Eisenberg, Esq.
 Eisenberg & Carton
May 31, 2006
Page 2


You stated that your clients have mixed the Data of the joint venture with other data of the Defendant Midnight Pass. If that is true, it raises larger issues of co-mingling and casts a pall on the entirety of the Accounting they are ultimately to provide. As further evidence of this commingling, you have produced some legal bills with redacted portions (you have also advised us that a privilege log is to follow); however, if portions of the legal fees are being charged to the joint venture, there can be no claim of privilege with respect to the information contained within such bills. Defendants conceded in correspondence that 98.7% of their business was in Kittywalk products so that any mixing of the data with your clients' claimed "other" business (which was totally within their control) should be *de minimis*. We intend to request that the Court direct that the Quickbooks data and underlying records for the venture be furnished forthwith.

Further, notwithstanding your production on Friday, May 26, 2006, your clients have still failed to produce the complete Customer List of the joint venture as previously directed by the Court. That which was furnished on May 26, 2006 is incomplete. There is no justification for the Defendants' not to have produced the full customer list containing the names of the contact persons, addresses, telephone, e-mail addresses and all other information kept about the customer such as products orders, etc. and they ought to have been produced in both written form and electronic form. We were clear in describing, in the Document Request, exactly what we were requesting. From the numerous e-mails between the parties during the venture, we know that the information exists and we know that it has been used, and continues to be used by Defendants in its electronic form and therefore is readily available for production now. What your clients did produce was, once again, an altered Quickbooks report of the information they wanted to furnish; not that maintained by them for the venture. Your clients appear to have selectively left out data fields when they tailored the report for this selective production. Defendants have no basis for withholding all of the information about the customers and their purchases. Magistrate Boyle has already ruled that it must be furnished. Should we be required to move with respect to its production, we intend to ask the Court for the reimbursement of the costs and attorneys fees incidental to that motion.

## SCHER & SCHER, P.C.

Lloyd M. Eisenberg, Esq.
 Eisenberg & Carton
May 31, 2006
Page 3


Please advise us immediately whether your clients will produce the full customer list of the joint venture, what documents remain to be produced and what your position is with respect to the Quickbooks Data. We expect to apply to the Court at an early moment to compel the production and for such other relief as the Court will grant us based upon your clients' failure to produce documents that are clearly discoverable.

We expect a substantive response on all the discovery issues before the end of this week. We hope that we will not be forced to make an additional motion with respect to what we believe should have been simple discovery practice.

Sincerely,

SCHER & SCHER, P.C.
By:

DANIEL J. SCHER
DJS/kd

cc:   William Thomashower, Esq.
       @ Kaplan Thomashower & Landau, LLP (via FAX)
      Kittywalk Systems Inc. (Via FAX)

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x
KITTYWALK SYSTEMS, INC., JEFF KING
and LISE KING,
                                              Case No. CV-05 6110
                        Plaintiffs,                  (LW/MB)

           -against-                          REQUEST FOR
                                              PRODUCTION  OF
                                              DOCUMENTS
MIDNIGHT PASS INCORPORATED, BRADFORD D.
WHITE, JULIE ANNE WHITE, BARRETT
DISTRIBUTION CENTERS, INC., formerly
known as BARRETT WAREHOUSE AND TRANSPORT,
INC., and SAN JOSE DISTRIBUTION SERVICES,
INC.,
                        Defendants.
-------------------------------------------x
```

TO: DEFENDANTS MIDNIGHT PASS, INC. ("MIDNIGHT PASS"), BRADFORD WHITE AND JULIE WHITE (the "WHITES", all of these defendants, "Said Defendants")

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are hereby required to produce, at the office of the undersigned, within 30 days, the following documents: (Where words are used herein which are defined in Local Rule 26.3, unless supplemented, it is intended that the definitions in said Rule apply.)

A response that includes copies of checks shall be deemed a request for a copy of both sides thereof.

These requests are deemed to be continuous and are to be supplemented, as required, to the time of the trial of this action.

1. All documents identifying and describing Sales of and the Customers that purchased KITTYWALK® Products from said defendants since January 1, 2001 (the "First Date") to the date of the production, and, in addition to the information required in the definition under Local Civil Rule 26.3 (Identify (with Respect to Persons)), Contact Names, Re-Buyer's Names, Phone #s, Phone Extensions, and E-mail Addresses with respect to each such Customer, Contact and Re-Buyer.

2. All Documents reflecting physical inventories of KITTYWALK® merchandise on hand at both the BARRETT and SAN JOSE warehouses (the "WAREHOUSES") at all times from First Date to the date of the production.

3. All Documents reflecting shipments of KITTYWALK® merchandise from the WAREHOUSES from the First Date to the date of the production.

4. All documents reflecting upon Receipts and Accounts Receivable created as a result of sales of KITTYWALK® merchandise from the First Date to the date of the production, including but not limited to the amounts of and sources of payments received on account thereof, including bank statements and copies of checks, records showing credits and adjustments to the amounts due.

5. All documents reflecting upon purchases and expenses charged to sales of KITTYWALK® products from the First Date to the date of the production.

2

6. All documents reflecting upon promotions and sales of KITTYWALK® or products similar to KITTYWALK® sold by said defendants as parts of the KITTYWALK® line of products to customers of MIDNIGHT PASS and/or KITTYWALK SYSTEMS, INC., including copies of all promotions and sales announcements (the "Promotions") sent to customers from the First Date to the date of the production with identification of each person to whom the promotions were sent.

7. All Documents reflecting upon emails and faxes sent to Fully Wind Design Corp. ("Fully Wind"), Life Fancy (An entity, the nature of which is unknown to plaintiffs but which appears from its Web Site LifeFancy.Com to be an entity controlled by Fully Wind), Casdert International Co., Inc. ("Casdert"), Grand David ("Grand David (Group) Co.,, Inc."), Elliott Hsu ("Elliott"), Jennifer Huang ("Jennifer"), Peter Hoffman ("Hoffman"), Dana Roberts ("Roberts"), Dominic White ("Dominic"), and Grant Lindberg ("Lindberg") from the First Date through the date of the production.

8. All Documents reflecting all payments by any of said defendants to Fully Wind, Life Fancy, Casdert, Grand David, Elliott, Jennifer, Hoffman, Roberts, Dominic and Lindberg from the First Date to the date of production.

9. All Documents concerning the registration of the name MIDNIGHT PASS, either as a Trademark, Service Mark or Copyright.

3

10. All documents including but not limited to Correspondence or Litigation or claim documents exchanged with other persons, their Attorneys, Agents or Employees who used or threatened to use the MIDNIGHT PASS name for any purpose not related to said defendants' business.

11. All Documents concerning the registration or surrender of any Domain Names by any of said defendants from the First Date to the date of Production.

12. All Documents reflecting ownership, creative or inventive effort by any of the said Defendants related to the Claiming, Registering or Securing by themselves or with others in the United States or elsewhere in the World of Patents, Trademarks or Copyrights with respect to Intellectual Property related to the Pet Product and Pet Supply Industries, including; but not limited to the products registered and owned by plaintiffs.

13. All Documents relating to the acquisition of property, including but not limited to inventory and any other assets acquired for the joint use of the said defendants and plaintiffs in the manufacture, promotion, display, storage, distribution and sale of products included in the KITTYWALK® line of Pet Products from the First Date to the date of the production.

14. All Documents relating to any investment made by said defendants for the purpose of commencement and/or pursuit of business as the KITTYWALK® Pet Products and Supplies distributor.

15. All Documents reflecting comments by customers and sub-distributors of MIDNIGHT PASS concerning satisfaction or dissatisfaction with the products, suggestions for product improvements and changes and new products to be made by KITTYWALK® with respect to any of the products in the line of merchandise or potential additions to the line from the First Date to the date of the production.

16. All Documents reflecting meetings held between any of the said defendants and customers or sub-distributors of the KITTYWALK® line of Pet Products and supplies from the First Date to the date of the production.

17. All documents reflecting agreements with either BARRETT DISTRIBUTION CENTERS, INC ("BARRETT") or SAN JOSE DISTRIBUTION SERVICES, INC. ("SAN JOSE") or both reflecting their agreement with KITTYWALK® and/or defendant MIDNIGHT PASS, reports of transactions, shipments, credit card transactions, correspondence, statements of account, records of payments.

18. All documents between and among any of the parties to this action reflecting contracts, designs, transactions and

payments to and with Lindberg including, but not limited to payments to the said Lindberg for services rendered by him in connection with products which do and do not form a part of the KITTYWALK® line of merchandise.

19. All documents reflecting billing and payments for Legal Services rendered to said defendants between September 1, 2005 and December 31, 2005.

20. All documents reflecting content and changes to content of any Web Site operated, owned or controlled by any of the said Defendants from September 1, 2005 to the date of production.

21. All documents reflecting upon of the design, manufacture, cost incurred and sales of Pet Cruiser Auto Cruiser.

22. Check registers, cancelled checks and records of checks drawn and voided on Bank Accounts of Defendants MIDNIGHT PASS, BRADFORD AND JULIE during the period September 1, 2005 through and including December 31, 2005.

Dated:   Great Neck, New York
         February 9, 2006

                                    Yours, etc.,

                                    SCHER & SCHER, P.C.
                                    By:

                                    /S/
                                    _____
                                    DANIEL J. SCHER
                                    Attorney for Plaintiffs
                                    Office & P.O. Address
                                    111 Great Neck Road, Suite 206
                                    P.O. Box 376
                                    Great Neck, New York 11021
                                    (516) 482-1777

TO:

    EISENBERG & CARTON
    Attorneys for defendants
    Midnight Pass, Bradford D. King
    & Julie Anne White
    2631 Merrick Road, Suite 401
    Bellmore, NY 11710
    Att: LLOYD EISENBEG

    BARRETT DISTRIBUTION CENTERS, INC.
    Defendant
    15 Freedom Way
    Franklin, MA 02062

    SAN JOSE DISTRIBUTION SERVICES, INC.
    Defendant
    2055 South 7th Street, Suite A
    San Jose, CA 95112